**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ORION GRAF,**

        **Petitioner,**

   v.              CASE NO. 21-3183-SAC

**SHANNON MEYER,**

        **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

  This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to show cause why this matter should not be dismissed for failure to timely file this action.

**Background**

  In May 2014, Petitioner Orion Graf pled no contest in Douglas County District Court to two counts of breach of privacy and, on June 30, 2014, he was sentenced to 24 months' probation with an underlying prison sentence of 16 months. *See Graf v. State*, 2020 WL 5994011, at *2 (Kan. Ct. App. 2020) (unpublished opinion) (*Graf II*); *Graf v. State*, 2017 WL 2610757, at *2 (Kan. Ct. App. 2017) (unpublished opinion) (*Graf I*). Petitioner did not pursue a direct appeal. *Graf I*, 2017 WL 2610757, at *2. On June 30, 2015, Petitioner filed in state court a pro se motion for habeas relief pursuant to K.S.A. 60-1507. *Graf II*, 2020 WL 5994011, at *2. The state district

court summarily denied the motion, but on appeal the Kansas Court of Appeals (KCOA) reversed and remanded for an evidentiary hearing. *Graf I*, 2017 WL 2610757, at *2, 6-7.

After the evidentiary hearing, the district court again denied the 60-1507 motion. *Graf II*, 2020 WL 5994011, at *4. Petitioner timely appealed and, on October 9, 2020, the KCOA affirmed the denial. *Id.* at *4, 10. Petitioner filed a petition for review by the Kansas Supreme Court (KSC), which was denied on July 19, 2021. Petitioner filed this federal habeas petition on August 16, 2021. (Doc. 1.)

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient

pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there is an exception to the one-year time limitation because of actual innocence. Despite its title, to obtain this exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

As set forth above, Petitioner was sentenced on June 30, 2014, and he did not pursue a direct appeal. Thus, Petitioner's one-year federal habeas limitation period began to run around July 15, 2014. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."). Petitioner filed his K.S.A. 60-1507 motion on July 30, 2015, tolling the one-year federal habeas limitation period. At that point, approximately 350 days of the one-year federal habeas limitation period had expired, leaving 15 days remaining. The state-court proceedings on the 60-1507 motion

concluded on July 19, 2021, when the KSC denied the petition for review, and the one-year federal habeas limitation period resumed. *See Edwards v. Roberts*, 479 Fed. Appx. 822, 826 (10th Cir. 2012). It expired approximately 15 days later, on August 4, 2021. Petitioner did not file his habeas petition until August 16, 2021.

The petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling or unless Petitioner can establish that the actual innocence exception to the time limitation applies. The Court directs Petitioner to show cause why his petition should not be dismissed.

**Motion for Appointment of Counsel**

Petitioner has also filed a motion to appoint counsel. (Doc. 3.) The motion is denied. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Considering Petitioner's claims and the complexity of the legal issues involved, the Court concludes that appointment of counsel in this matter is not warranted at this time. Thus, Petitioner's motion to appoint counsel is denied, but may be reconsidered if this action progresses beyond initial screening.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including September 20, 2021, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 19th day of August, 2021, at Topeka, Kansas.


                                          S/ Sam A. Crow

                                        SAM A. CROW
                                        U.S. Senior District Judge