```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**ORION GRAF,**

                **Petitioner,**

     **v.**                                        **CASE NO. 21-3183-SAC**

**SHANNON MEYER,**

                **Respondent.**

### MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the action as time-barred.

**Background**

In 2014, Petitioner Orion Graf pled no contest in Douglas County District Court to two counts of breach of privacy and was sentenced to 24 months' probation with an underlying prison sentence of 16 months. *See Graf v. State*, 2020 WL 5994011, at *2 (Kan. Ct. App. 2020) (unpublished opinion) (*Graf II*); *Graf v. State*, 2017 WL 2610757, at *2 (Kan. Ct. App. 2017) (unpublished opinion) (*Graf I*). Petitioner did not pursue a direct appeal, but in June 2015 Petitioner filed in state court a motion for habeas relief pursuant to K.S.A. 60-1507. *Graf I*, 2017 WL 2610757, at *2; *Graf II*, 2020 WL 5994011, at *2. The state district court summarily denied the motion, but on appeal the Kansas Court of Appeals (KCOA) reversed and remanded for an evidentiary hearing, after which the district

court again denied the motion. *Graf I*, 2017 WL 2610757, at *2, 6-7; *Graf II*, 2020 WL 5994011, at *4. Petitioner appealed and, in October 2020, the KCOA affirmed. *Id.* at *4, 10. Petitioner filed a petition for review by the Kansas Supreme Court (KSC), which was denied on July 19, 2021. Petitioner filed this federal habeas petition on August 16, 2021.

When the Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it appeared that the petition was not filed in the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). The Court reasoned that Petitioner was sentenced on June 30, 2014, and he did not pursue a direct appeal. Petitioner's one-year federal habeas limitation period began to run around July 15, 2014, after the 14-day period in which he could have filed a direct appeal expired, and it ran until Petitioner filed a K.S.A. 60-1507 motion on June 30, 2015. At that point, approximately 350 days of the one-year federal habeas limitation period had expired, leaving 15 days remaining. The state-court proceedings on the 60-1507 motion concluded on July 19, 2021, when the KSC denied the petition for review, and the one-year federal habeas limitation period resumed. It expired approximately 15 days later, on August 4, 2021, but Petitioner did not file his habeas petition until August 16, 2021.

Accordingly, on August 19, 2021, the Court issued the NOSC directing Petitioner to show cause, in writing, why this action should not be dismissed due to his failure to commence it within the one-year time limitation. (Doc. 5.) Petitioner timely filed his response. (Doc. 6.) He first asserts that the federal habeas

limitation period did not begin to run until October 13, 2014, after the 90-day period for filing a writ of certiorari with the United States Supreme Court expired. In the alternative, Petitioner contends that he is entitled to equitable tolling due to the COVID-19 pandemic. The Court will address each argument in turn.

**Timeliness**

Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

Petitioner argues that his convictions did not become "final" until October 13, 2014 because even though he did not pursue a direct appeal, he had 90 days after the expiration of his direct-appeal time to file a petition for writ of certiorari with the United States Supreme Court. (Doc. 6, p. 2.) But the United States

Supreme Court "can review . . . only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review." *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). Because Petitioner did not directly appeal his convictions in the Kansas state courts, the Supreme Court "would have lacked jurisdiction over a petition for certiorari" from the conviction itself. *See id.* Thus, he is not entitled to the additional 90 days before the federal habeas limitation period began, and his current federal habeas petition was untimely.

**Equitable Tolling**

Petitioner also asserts that he is entitled to equitable tolling of the limitation period. (Doc. 6, p. 2-3.) Applicable "in rare and exceptional circumstances," equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances— prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted).

Petitioner asserts that in "late January of 2020," Lansing Correctional Facility, where he was incarcerated, entered "a 'long-term COVID-19 lockdown,'" during which he was unable to access the law library. (Doc. 6, p. 2-3.) He contends that this lack of access

left him unable to research, prepare, or submit his petition any earlier than he did. *Id.* at 3.

Petitioner has failed to show that he is entitled to equitable tolling. The majority of the one-year limitation period ran from July 2014 to June 2015, well before the COVID-19 pandemic, and Petitioner has not asserted that he was diligently pursuing his claims during that time. In addition, although Petitioner acknowledges that the lockdown lifted at some point and he regained access to the law library, he has not advised the Court when that occurred.

Moreover, lack of access to a law library does not necessarily warrant equitable tolling. *See Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19."); *Phares v. Jones*, 470 F. Appx. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."); *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."). Petitioner does not specifically explain how a lack of access to the law library prevented him from timely filing his petition. According to the petition, the grounds for relief Petitioner asserts were previously developed at least to the extent that he raised them in the state courts, so it is unclear how a lack of access to the law library caused his failure to timely file the petition. Thus, Petitioner has not shown that equitable tolling applies.

**Conclusion**

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown any circumstances that justify equitable tolling. The Court will therefore dismiss this matter as time-barred.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 1st day of September, 2021, at Topeka, Kansas.

                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge